[619 NYS2d 466]

In the Matter of GEORGE E. ALBRIGHT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 16, 1994

APPEARANCES OF COUNSEL

*Daniel Drake,* Rochester, for petitioner.

*Emil Rossi,* Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on

February 12, 1980 and maintains an office in Rochester. Petitioner charged respondent with engaging in deceit, engaging in conduct prejudicial to the administration of justice, engaging in conduct that reflects adversely on his fitness to practice, collecting or charging an excessive or illegal fee, neglecting legal matters entrusted to him, converting client funds, failing to maintain and preserve client funds, failing to produce requested records related to client funds, and failing to comply with attorney registration requirements. Additionally, petitioner sought restitution of the amounts allegedly converted. Respondent's answer to the charges denied material allegations of the petition. A Referee was appointed to make findings of fact. The Referee has submitted a report, which petitioner moves to confirm and respondent cross-moves to disaffirm.

The Referee found that respondent made unauthorized withdrawals totaling $4,141.41 from his trust account, which he alleged were fees due for services rendered in connection with the sales of two parcels of property owned by his clients; failed to disburse $1,344.93 due his clients from the sales of those parcels; failed to provide his clients with closing statements when requested to do so; failed to comply with six requests from petitioner for responses to complaints; failed to comply with two subpoenae duces tecum served on him by petitioner; and failed to file an attorney registration statement or to pay the $300 attorney registration fee. The Referee also found that, during the pendency of the hearing, respondent withdrew an additional $2,000 from his trust account, purportedly as additional legal fees, despite having acknowledged in his answer that those funds were in dispute and having represented that they would remain in the account until the proceedings were concluded. He later replaced those funds.

We confirm the findings of fact contained in the Referee's report and conclude that respondent violated the following provisions of the Lawyer's Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4), (5) and (7) (now [8]) (22 NYCRR 1200.3 [a] [4], [5], [7])—by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; engaging in conduct that is prejudicial to the administration of justice; and engaging in conduct that adversely reflects on his fitness to practice;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—by neglecting legal matters entrusted to him; and

DR 9-102 (A), (B), (C), (H) and (I) (22 NYCRR 1200.46 [a], [b], [c], [h], [i])—by failing to maintain and preserve client funds, converting client funds, failing to promptly deliver and account for client funds, and failing to produce requested records relating to them.

Respondent also violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to register as an attorney and by failing to pay biennial registration fees.

We have considered the arguments in mitigation submitted by respondent. However, the misconduct, which included conversion, was aggravated by respondent's withdrawal of client funds during the pendency of these proceedings and respondent's failure to comply with two judicial subpoenae duces tecum issued by this Court. We conclude, therefore, that respondent should be suspended for two years and until further order of this Court. Additionally, respondent should be directed to make restitution in the amounts found by the Referee.

DENMAN, P. J., GREEN, BALIO, LAWTON and CALLAHAN, JJ., concur.

Order of suspension entered.